IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DORLETHA LAMBERT**                                              **PETITIONER**

No. 3:24-cv-00050 KGB/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                       **RESPONDENT**

## ORDER

Petitioner Dorletha Lambert ("Lambert") filed a petition for writ of *habeas corpus* on March 27, 2024.  Doc. No. 2.  She is challenging her 2023 convictions of driving with DWI suspended license and DWI.

By Order dated June 3, 2024, the Court notified Lambert of her opportunity to respond to the motion to dismiss filed by Respondent Dexter Payne ("Payne").  At issue is whether Lambert has exhausted her available state court remedies, a prerequisite to obtaining federal habeas corpus relief.  See 28 U.S.C. § 2254(b)(1).

Lambert has responded.  Doc. Nos. 13 & 14.

Based upon Lambert's response and the Court's understanding of the pleadings in state court, the parties are invited to further respond.

First, Payne contends exhaustion has not occurred, citing three pending cases filed by Lambert with the Circuit Court of Craighead County --  a Rule 37 petition,

a petition for a reduction in sentence, and a state habeas corpus petition. The Rule 37 petition was filed on May 16, 2023. Doc. No. 9-2. The motion for reduction of sentence was filed on that same date. Doc. No. 9-3. The state habeas corpus petition was filed on July 17, 2023. Doc. No. 9-4.

Payne, citing the pending nature of these petitions, moves to dismiss this case. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. 1981). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 621 F.2d 921, 923 (8th Cir. 1980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Lambert's response to the motion to dismiss suggests that the relief sought may not be available to her.

The parties are invited to assist the Court in determining if Lambert has an available state remedy. It is unclear why the three petitions cited by Payne have not

been resolved in the year which has passed, or if any action is forthcoming on these petitions. If no action in state court is anticipated then the petitions might well be viewed as futile.

The parties are directed to respond to this Order on or before July 23, 2024.

IT IS SO ORDERED this 27th day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE