IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DORLETHA LAMBERT                                                        PETITIONER

V.                              3:24-CV-00050 KGB/PSH

DEXTER PAYNE, Director,
Arkansas Division of Correction ("ADC")                                 RESPONDENT

ORDER

Petitioner Dorletha Lambert ("Lambert") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Lambert was convicted following a 2023 jury trial in Craighead County of driving with DWI suspended license (a misdemeanor), and DWI, sixth offense (a felony). She was sentenced to a prison term of 240 months. Lambert raises four claims for relief: (1) she has only been found guilty of three DWI offenses; (2) there is a lack of evidence to support the convictions; (3) she is unlawfully being held in prison; and (4) she was sentenced on the wrong charge. No direct appeal was taken.

Respondent Dexter Payne ("Payne"), noting pending state court proceedings, contends this petition should be dismissed due to Lambert's failure to first exhaust state court remedies.

By Order of June 27, 2024, the parties were invited to respond to the Court's question of whether the pending state actions were exercises in futility. This question flowed from inaction, for more than a year, in the state court proceedings. *See Powell v. Wyrick*, 621 F.2d 921, 923 (8th Cir. 1980). If these state court proceedings were truly futile, then *Powell* directs that the exhaustion requirement is inapplicable.

Payne's response to the Court's June 27 Order benefits the Court in addressing the issue of exhaustion, detailing the status of the various state court proceedings:

- Petition to correct an illegal sentence (Doc. No. 20-1), filed with the trial court on April 24, 2023, and denied on July 29, 2024 (Doc. No. 20-6);

- Rule 37 petition (Doc. No. 9-2) filed with the trial court on May 16, 2023, and denied on July 26, 2024 (Doc. No. 20-4);

- Petition for reduction of sentence (Doc. No. 9-3) filed with the trial court on May 16, 2023, and denied on July 29, 2024 (Doc. No. 20-5); and

- Petition for habeas corpus (Doc. No. 9-4) filed with the trial court on July 17, 2023, and denied on July 29, 2024 (Doc. No. 20-7).

Lambert also filed a petition for writ of mandamus (Doc. No. 20-2, notarized on April 18, 2024). On July 18, 2024, the Supreme Court of Arkansas directed Craighead County to provide the Court with a supplemental record containing certified copies of Lambert's petition to correct an illegal sentence, Rule 37 petition,

and her petition for writ of habeas corpus. The supplemental record was to be filed by August 17. (Doc. No. 20-3).

Lambert's Rule 37 petition, only recently denied by the trial court, is not necessarily an exercise in futility. The state courts are still examining the Rule 37 claims, and it is appropriate that those courts consider the claims before they are presented in federal court. However, not all of Lambert's claims are viable in state court. Accordingly, the Court must determine the proper treatment of the petition when some but not all of the claims are not exhausted in state court.

**Exhaustion of Available State Remedies**

Payne concedes that some of Lambert's claims are exhausted. She did not file a direct appeal of her conviction, and two of her claims (claim one, that she was guilty of only three DWI's, and claim two, lack of evidence to support her conviction) are cognizable only on direct appeal. Thus, because a direct appeal is no longer available, Payne deems these claims "technically exhausted." Doc. No. 20, page 3.

Payne observes that it is possible that other of Lambert's claims are not exhausted. Specifically, a challenge to her attorney efficacy is one which is currently

proceeding in state court.¹  Accordingly, Lambert's petition is a "mixed" petition with both exhausted and unexhausted claims.

United States District Judge J. Leon Holmes ably frames the issues when dealing with a mixed petition:

> Normally a petitioner must exhaust available state judicial remedies before a federal court will review the merits of a petitioner's habeas claims. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). State courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 729-32, 111 S.Ct. 2546, 2553-55, 115 L.Ed.2d 640 (1991). The exhaustion doctrine has been codified in the federal habeas statute. 28 U.S.C. § 2254 (b)(1). State remedies are exhausted if the petitioner has fairly presented his claims to the state court by properly raising both the factual and legal bases of the claim in state court proceedings, thereby affording that court "a fair opportunity to rule on the factual and theoretical substance of [the] claim." *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995) (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (internal quotation marks omitted)…
>
> Filing a federal petition with both exhausted claims and unexhausted claims could result in dismissal of the entire petition without prejudice, unless the petitioner chooses to delete the unexhausted claims from the petition or the federal court proceeds to deny the unexhausted claims on the merits. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *see* 28 U.S.C. § 2254 (b)(2). The Supreme

---

¹ Admittedly Lambert's petition does not list ineffective assistance of counsel as a separate claim.  Even so, she faults her attorney's performance as part of her second and fourth claims for relief.  The Court liberally construes her petition to incorporate challenges to the performance of trial counsel.

> Court has recognized, however, that a petitioner risks losing the right to federal habeas review by application of the statute of limitations when a mixed petition is dismissed due to unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005).
>
> To alleviate the hardship that comity and the statute of limitations places on petitioners with mixed petitions, a district court may stay the exhausted claims and hold the unexhausted claims in abeyance. *Id.* at 276-77, 125 S.Ct. at 1534-35.
>
> District courts are, however, limited in their stay and abeyance procedure. District courts can only employ the procedure if (1) there is good cause for a petitioner's failure to exhaust his claims, (2) the unexhausted claims are not "plainly meritless," and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78, 125 S.Ct. at 1535. Additionally, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278, 125 S.Ct. at 1535.

*Isom v. Hobbs*, No. 5:11CV00047 JLH, 2013 WL 12380240, at *1 (E.D. Ark. Apr. 1, 2013).

The timing of Lambert's Rule 37 effort in state court provides the answers to the questions posed in *Isom*. Payne concedes that Lambert filed a timely Rule 37 petition with the trial court. Doc. No. 9, page 1. The petition, filed in May 2023, was ruled upon fourteen months later, in July 2024. Lambert cannot be faulted for this delay. Further, at this stage of the proceedings the Court is unable to find that the unexhausted Rule 37 claims are plainly meritless. And the timeliness of Lambert's Rule 37 petition belies any notion that she engaged in dilatory litigation tactics.

The Court finds Lambert meets the stay and abeyance requirements of *Rhines*. Therefore, comity warrants affording the Arkansas courts an opportunity to review Lambert's unexhausted claims. This stay is predicated on the condition that Lambert seeks relief from the state courts regarding her unexhausted Rule 37 claims, and that she promptly returns to this Court to prosecute her petition here.

Therefore, the Court directs that the case be stayed and held in abeyance. This ruling assumes Lambert continues to seek state court Rule 37 relief. Lambert has 30 days from the trial court's ruling on her motion for Rule 37 relief to file her notice. *See* Ark.R.App.P.-Crim. 2(a)(4). Lambert is directed to move within thirty days after a final decision by the state courts for the stay to be lifted and the case reopened.

The Clerk of Court is directed to administratively terminate the case, and Lambert may move to reopen the case by filing a motion within thirty days following the conclusion of state court proceedings.

IT IS SO ORDERED this 19th day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE