# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DORLETHA LAMBERT,**                                                                                                  **PLAINTIFF**
**ADC #719450**

v.                                    Case No. 3:24-cv-00050-KGB

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                                                **DEFENDANT**

## ORDER

Before the Court are plaintiff Dorletha Lambert's motion to reopen case, motion to lift stay and reopen case, motion to lift stay and abeyance, motions to appoint counsel, motion for ruling, motion to reassign case, and motion for status update (Dkt. Nos. 24; 25; 26; 27; 29; 30; 31).  The Court will address each motion in turn.

### I.      Motions To Lift Stay And To Reopen Case

Ms. Lambert filed several related motions:  motion to reopen case; motion to lift stay and reopen case; and motion to lift stay and abeyance (Dkt. Nos. 24; 25; 30).

Ms. Lambert filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 related to her 2023 conviction in Craighead County, Arkansas, for driving while intoxicated (Dkt. No. 22, at 1).  Defendant Dexter Payne claimed that Ms. Lambert's writ of habeas corpus should be dismissed due to Ms. Lambert's failure to exhaust the state court remedies (*Id.*).  To allow for state court exhaustion, on August 19, 2024, this Court stayed this matter and ruled that the case was to be held in abeyance until the state court ruled on Ms. Lambert's Arkansas Rule of Criminal Procedure 37 petition (*Id.*, at 6).  The Court ordered Ms. Lambert to file a motion to reopen this matter within 30 days of the date of entry of the trial court's ruling on Ms. Lambert's Rule 37 motion (*Id.*).

On November 21, 2024, the Arkansas Supreme Court held that Ms. Lambert's Rule 37 and petition for writ of habeas corpus were moot (Dkt. No. 24, at 15). The Arkansas Supreme Court also granted Ms. Lambert's petition for writ of mandamus pertaining to the petition to correct an illegal sentence and ordered the Craighead County, Arkansas, Circuit Court to rule on the petition within 30 days of the date of entry of the order (*Id.*).

Ms. Lambert filed a motion to reopen this federal court case on December 4, 2024, before the Craighead County, Arkansas, Circuit Court ruled on Ms. Lambert's claims to correct an illegal sentence (Dkt. No. 24). On December 18, 2024, the Craighead County, Arkansas, Circuit Court denied Ms. Lambert's petition to correct an illegal sentence. *State v. Lambert*, 16JCR-22-204 (Craighead Cnty. Cir. Ct., Dec. 18, 2024). Because the motion was not ripe at the time she filed it, the Court denies as moot Ms. Lambert's motion to reopen the case (Dkt. No. 24).

The Supreme Court has held that, even when abeyance is appropriate, "the district court's discretion in structuring the stay is limited . . . ." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed." *Id.*, at 278 (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001), *as amended* (June 26, 2001), *as amended* (Aug. 17, 2001)). A state post-conviction appeal remains pending, and exhaustion is incomplete, "until at least . . . the end of [the] period for filing the record on appeal in state court." *See Williams v. Bruton*, 299 F.3d 981, 984 (8th Cir. 2002) (quoting *Mills v. Norris*, 187 F.3d 881, 882 (8th Cir. 1999)). On December 18, 2024, the Craighead County, Arkansas, Circuit Court denied Ms. Lambert's petition to correct an illegal sentence. *State v. Lambert*, 16JCR-22-204 (Craighead Cnty. Cir. Ct., Dec. 18, 2024). Pursuant to Rule 2(a) of the Arkansas

Rules of Appellate Procedure–Criminal, Ms. Lambert had 30 days after the Craighead County, Arkansas, Circuit Court's ruling to appeal the decision. *See* Ark. R. App. P.–Crim 2(a). Therefore, the state court exhaustion of Ms. Lambert's claims was completed on January 17, 2025—30 days after the Craighead County, Arkansas, Circuit Court entered its decision. It follows then that per Supreme Court precedent and the Order entered in this federal case on August 19, 2024, Ms. Lambert's motion to reopen the case should have been filed no later than February 17, 2025—30 days after state court exhaustion was complete. Ms. Lambert filed a motion to lift stay and reopen case on January 7, 2025, once again before the state court exhaustion of remedies was complete; therefore, the Court denies as moot Ms. Lambert's motion to lift stay and open case filed on January 7, 2025 (Dkt. No. 25).

Ms. Lambert filed a motion to lift stay and abeyance on March 3, 2025, after the deadline to file the motion to reopen the case had passed. The Court recognizes that Ms. Lambert's motion to lift stay and abeyance was filed more than 30 days after February 17, 2025; however, the Court finds that Ms. Lambert was diligent in her efforts as evidenced by the circumstances presented and filed the motion within a reasonable time after the deadline had passed. Therefore, the Court finds that Ms. Lambert's motion to lift stay and abeyance is timely filed.

For these reasons, the Court grants Ms. Lambert's motion to lift stay and abeyance (Dkt. No. 30). The Clerk of Court is directed to reopen the case and lift the stay. Further, the Court grants Ms. Lambert's motion for ruling and motion for status update (Dkt. Nos. 27; 31). This Court's Order will be sent to Ms. Lambert and constitutes the ruling and status update.

## II.    Motion To Reassign Case

Ms. Lambert has filed a motion to reassign case (Dkt. No. 29). As best the Court understands from Ms. Lambert's filing, Ms. Lambert seeks reassignment based on her "having

3

trouble getting the judge to rule on her motion . . . ." (*Id*., at 1).  To the extent Ms. Lambert bases this motion on this Court's handling of her current case, "[a]n unfavorable judicial ruling. . . does not raise an inference of bias or require the trial judge's recusal."  *Harris v. Missouri,* 960 F.2d 738, 740 (8th Cir. 1992) (declining to accept judge's refusal to accept a plea agreement as evidence of bias); *accord Holloway v. United States,* 960 F.2d 1348, 1350–51 (8th Cir. 1992) (holding that granting a reduced sentence to one but not another defendant, and being friends with another judge who allegedly "harbored a bias" against defendant, were not grounds for finding bias).  The Court does not find grounds for recusal or reassignment based on the allegations raised in Ms. Lambert's filing and denies the motion to reassign case (Dkt. No. 29).

### III.     Motion To Appoint Counsel

Ms. Lambert filed two motions to appoint counsel (Dkt. Nos. 26; 28).  There is no constitutional right to appointed counsel in a habeas action.  *See* 28 U.S.C. § 2254(h); *see also Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (noting that habeas proceedings are civil proceedings in which the Sixth Amendment right to counsel is inapplicable, and that it has never "been held that there is a constitutional right to counsel in a habeas action.").  Instead, a court may appoint counsel to represent a financially eligible habeas petitioner if the court determines that the "interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 2254(h).  If an evidentiary hearing is warranted, the court must appoint counsel to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.  Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts.  If an evidentiary hearing is unwarranted, the appointment of counsel is discretionary.  *Hoggard,* 29 F.3d at 471.

Given the facts and circumstances of this matter, considering the relevant criteria, the Court denies without prejudice at this time Ms. Lambert's motions to appoint counsel (Dkt. Nos. 26; 28).

### IV. Conclusion

It is therefore ordered that:

1. Ms. Lambert's motion to reopen the case is denied as moot (Dkt. No. 24).

2. Ms. Lambert's motion to lift stay and open case is denied as moot (Dkt. No. 25).

3. Ms. Lambert's motion to lift stay and abeyance is granted (Dkt. No. 30).

4. Ms. Lambert's motion for ruling and motion for status update are granted (Dkt. Nos. 27; 31).

5. Ms. Lambert's motion to reassign the case is denied (Dkt. No. 29).

6. Ms. Lambert's motions to appoint counsel are denied (Dkt. Nos. 26; 28).

7. Pursuant to Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Payne is ordered to expand the record and submit to the Court the state court record from *State v. Lambert*, 16JCR-22-204 (Craighead Cnty. Cir. Ct.).

8. The Court refers this case back to United States Magistrate Judge Patricia S. Harris to conduct pretrial proceedings and prepare a recommendation to this Court, as and when appropriate.

It is so ordered this 2nd day of May, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge