IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DORLETHA LAMBERT**                                                                                    **PETITIONER**

VS.                            No. 3:24-cv-00050 KGB/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                                             **DEFENDANT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

1

# DISPOSITION

Petitioner Dorletha Lambert ("Lambert") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the undersigned recommends the petition be dismissed.

*State Court Proceedings*

Lambert was convicted following a March 2023 jury trial in Craighead County of misdemeanor driving DWI with a suspended license, and felony driving while intoxicated – sixth offense ("DWI"). At the sentencing phase, the jury was presented with certified copies of five prior convictions for driving while intoxicated, all of which occurred during the preceding ten years. Doc. No. 49-1, pages 389-396. The jury was instructed that the prosecution had the burden of proving the five prior convictions and, if that burden was met, the sentencing range for a sixth DWI was five to twenty years. *Id.* at 352. The jury found Lambert guilty and fixed her sentence at twenty years. *Id.* at 364.

The sentencing order was entered on March 14, 2023. Doc. No. 40-1, pages 92-95. Six days later Lambert's retained counsel filed a motion to withdraw, indicating he had advised her of her right to appeal and provided her with a *pro se* notice of appeal in the event she was unable to retain counsel. *Id.* at 96-97. The motion to withdraw was granted on March 23. *Id.* at 98. Lambert filed a *pro se* notice of appeal on April 24, which was untimely. *Id.* at 102. (A defendant has thirty

days from entry of the sentencing order to timely file a notice of appeal in Arkansas. *See* Ark. R. App. P. 2(a)). In her petition, Lambert acknowledged that she did not obtain direct review by appeal. Doc. No. 2, page 2.

Lambert filed four other state-court actions attacking her conviction:[1]

1. Petition to correct an illegal sentence, filed on April 24, 2023, alleging she was improperly charged with DWI sixth offense.[2] Doc. No. 20-1. This petition was summarily denied on July 29, 2024. Doc. No. 40-1, page 170. (Lambert later petitioned the Arkansas Supreme Court for a writ of mandamus pertaining to her petition to correct an illegal sentence. This request was granted and a writ of mandamus issued on November 25, 2024, directing the circuit court to rule on the petition to correct an illegal sentence within thirty days. Doc. No. 40-1, page 184. The circuit court denied the petition to correct an illegal sentence on December 18, 2024. The order

---

[1] All four of these petitions were pending when Lambert filed her federal habeas corpus petition. As a result, this case was stayed while those state actions were resolved. Doc. No. 22. The case was reopened on May 2, 2025, and proceeded. Lambert subsequently filed an amended petition. Doc. Nos. 33 & 54. Payne responded to the amended petition on November 17. Doc. No. 56.

[2] The allegation in this petition is the common thread running through most of Lambert's pleadings – the prosecution should not have counted two Mississippi convictions for driving under the influence ("DUI") toward the total number of convictions. Lambert concedes she had three prior DWI convictions *in Arkansas*. See Doc. No. 20-1, page 2.

3

denying the petition identified the five previous convictions which supported the conviction for DWI sixth offense. *Id.* at 190-191);

2. Rule 37 petition, filed on May 16, 2023, alleging ineffective assistance of trial counsel, admission of evidence obtained pursuant to an unlawful arrest, prosecutorial misconduct, violation of double jeopardy, denial of a fair and impartial trial, and denial of the right to appeal. Doc. No. 9-2. The trial court found no fault with counsel for advising Lambert how she should file motions or the notice of appeal. The trial court also found that sufficiency of the evidence of prior convictions should have been raised on direct appeal. Doc. No. 20-4, page 2. Regarding the late filing of the notice of appeal, the trial court observed that Lambert sent documents to a relative to be filed with the court by hand delivery and the notice of appeal was two days late. Doc. 20-4, page 3. This petition was denied on July 26, 2024. The trial court addressed all claims advanced by Lambert. Doc. No. 20-4;

3. Petition for reduction of sentence, filed on May 16, 2023, alleging insufficiency of the evidence, denial of a fair and impartial jury due to the racial composition of the jury ("all white jury besides 2 young black males"), and admission of unfairly prejudicial evidence. Doc.

No. 9-3 (quotation at page 3). This petition was summarily denied on July 29, 2024. Doc. No. 20-5; and

4. Petition for habeas corpus filed pursuant to Ark. Code Ann. §§ 16-112-101-23, filed on July 17, 2023, alleging she was wrongfully charged with DWI sixth offense and illegally sentenced. Doc. No. 9-4. The petition was denied on July 29, 2024. Doc. No. 20-7. As in the Order denying Rule 37 relief, the trial court observed that this claim should have been raised on direct appeal.

On August 14, 2024, Lambert filed a notice of appeal of the trial court's denial of the four state court petitions described above. Doc. No. 40-1, pages 176-180. The appeal never proceeded, however, because Lambert did not file the record on appeal with the appellate court during the 90-day period after filing the notice of appeal. *See* Ark. R. App. P. – Crim. 4(b).

*Federal Habeas Corpus Claims*

In her petition and amended habeas corpus petitions, Lambert advances the following claims:

1. Insufficient evidence was presented to support the conviction for DWI-sixth offense;

2. She is being held unlawfully because the DWI-sixth offense charge was illegal;

5

3. The prosecution entered false evidence of a DUI conviction from Horn Lake, Mississippi;

4. Ineffective assistance of trial counsel for telling her the circuit court suppressed evidence of her blood alcohol concentration, for failing to tell the trial judge that jurors were falling asleep, for failing to argue there were not five prior DWI convictions, and for convincing her not to testify; and

5. Denial of the right of appeal due to ineffective assistance of counsel.

*Procedural Default*

Respondent Dexter Payne ("Payne") contends that Lambert's claims should be dismissed because she failed to fully present them in state court. Specifically, Payne asserts that claims one, two, and three are all challenges to the sufficiency of the evidence, claims which are and should have been properly raised on direct appeal. Lambert failed to file a timely notice of direct appeal. As for claims four and five, Payne asserts that ineffective assistance of counsel claims are properly raised in a Rule 37 petition, which Lambert timely pursued with the trial court. Lambert did not, however, appeal the trial court's denial of Rule 37 relief.

In *Wainwright v. Sykes,* 433 U.S. 72 (1977), the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if she has procedurally defaulted in raising that claim in state court: that is, if she was aware of the ground, but failed to pursue it to a final determination.

The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for her failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d 1241, 1250-51 (8th Cir. 1987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. 1987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

None of Lambert's claims were litigated to a final determination in state court. Lambert offers reasons why "cause" should be found for her failure to obtain final state court review of her claims. In her petition, she observes that her attorney did not file a direct appeal, that the trial court did not respond to "several motions," that she lacks legal knowledge, and that she was without an attorney. Doc. No. 2, pages 5, 9, and 10. In a pleading filed with the trial court, she also explained that her trial attorney mailed the notice of appeal to her at the local detention center on March 20, 2023, but she had already been transported to the ADC and she did not receive the mail until April 22. She also states she was "locked down" from March 17 until April 5 and had a broken right leg, two circumstances which made it difficult to access legal material. Doc. No. 40-1, pages 178-180. Lambert asserted the same explanations in her reply to Payne's response to the petition. Doc. No. 21. In her reply, Lambert attached an April 8 letter from her trial counsel reiterating that he advised her of her right to appeal, and that he received a call from a local attorney indicating he had been contacted by Lambert to do the appeal. Doc. No. 21, page 4. Lambert claims she would have timely filed the notice of appeal but for the deprivation of her legal mail. Doc. No. 40-1, page 179.

Lambert is correct that her attorney did not file a direct appeal. She was sentenced on March 14, 2023. Doc. No. 40-1, page 92. Her trial attorney filed a motion to withdraw on March 20 which states that he advised Lambert of her right

to appeal and drafted a *pro se* motion in the event Lambert was unable to retain counsel. *Id.* at 96. The motion to withdraw was granted on March 23. *Id.* at 98. Lambert filed a motion for appointment of counsel on April 17 and filed a notice of appeal with the trial court on April 24, after the allowed time. Doc. No. 40-1, pages 99 & 102. The failure of counsel to file a notice of appeal does not constitute "cause" that would excuse Lambert's failure to file a timely appeal notice. The record establishes that Lambert's counsel notified her of her appellate rights and that he was allowed to withdraw as counsel. He had no obligation to file a notice of appeal on her behalf.

 Lambert's assertion that the trial court's failure to respond to motions amounts to cause for her procedural failure is without merit. She does not indicate which motions she references, or when they were filed. Further, if Lambert was able to file motions this indicates an ability to file a notice of appeal. The mere allegation of a lack of legal knowledge falls short of demonstrating cause. *See, e.g., Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (*pro se* status and ninth grade education not cause for failing to pursue state-court remedies). And though Lambert is correct that she was without an attorney (his motion to withdraw was granted nine days after her conviction) this did not impede her efforts after his withdrawal and before the time lapsed for filing a notice of appeal.

Lambert's additional reasons for her procedural omission in state court do not amount to cause. Lambert's attorney advised her of the right to appeal. She does not demonstrate she was prevented from filing a timely notice of appeal.

Even if it is assumed that cause is present, the second prong of the analysis, prejudice, must also be satisfied. In this instance, Lambert cannot carry her burden[3] of demonstrating prejudice arising from an inability to raise the claims in state court. While the Supreme Court has not yet provided a precise definition of prejudice, in the context of cause and prejudice, the Court has stated that it requires more than the "possibility of prejudice" and that the error must have worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lambert does not establish that failure to file a timely notice of appeal actually and substantially disadvantaged her in any way.

During the sentencing phase of the trial the prosecutor offered certified copies of five previous convictions – (1) a 2013 DWI conviction from Phillips County, Arkansas; (2) a 2016 DWI conviction from Craighead County, Arkansas; (3) a 2017 DWI conviction from Craighead County, Arkansas; (4) a 2022 DUI conviction from DeSoto County, Mississippi; and (5) a 2019 DUI conviction from Horn Lake Mississippi Municipal Court. Doc. No. 49-1, pages 334-338. The trial judge noted

---

[3] Lambert bears the burden of advancing an explanation for cause and offering specific allegations of prejudice. *Wainwright v. Sykes*, 433 U.S. at 90-91, and *United States v. Frady*, 456 U.S. at 170.

that Lambert was represented by counsel in all the prior cases. Lambert's trial counsel objected to the admission of the Mississippi DUI's, arguing there was no proof that these convictions "would meet the standard of driving while intoxicated under Arkansas law." *Id.* at 336-337. The trial judge admitted the Mississippi convictions over this objection, noting "we routinely admit judgments from Missouri, for example." *Id.* at 337. (The certified copies are found in Doc. No. 49-1, pages 390-398).

Arkansas law provides that a certified judgment of driving while intoxicated "or other equivalent offense from another state or jurisdiction may be used to enhance the penalties as a previous offense." Ark. Code Ann. § 5-65-111(g). Lambert does not argue or establish that the Mississippi DUIs are not "an equivalent offense" to the crime of DWI in Arkansas. The Arkansas DWI statute provides it is unlawful "for a person who is intoxicated to operate . . . a motor vehicle." Ark. Code Ann. § 5-65-103(a)(1).[4] In Mississippi it is unlawful "for a person to drive or otherwise operate a vehicle . . . if the person is under the influence of intoxicating liquor." Miss. Code Ann. § 63-11-30(1)(a). The statutes of Arkansas and

---

[4] The Arkansas statute also contains a provision that a person with a blood alcohol concentration of 0.08 or more cannot lawfully operate a motor vehicle. Ark. Code Ann. § 5-65-103(a)(2). (Mississippi contains a similar provision – Miss. Code Ann. § 63-11-30(1)(d)(i)). Lambert, who refused a breathalyzer test, was convicted under section (a)(1) based upon the testimony of the officers, along with the dash- and body-cam footage. *See Hodnett v. State*, 2023 Ark. App. 336 (DWI conviction was not based on blood alcohol concentration but established by testimony of police officers and dash-cam footage).

Mississippi differ only in trivial ways, and the offense of DUI in Mississippi is an equivalent offense to the offense of DWI in Arkansas. *See State v. Brown*, 300 Neb. 57, 63 (2018) (comparison of the two states' statutory language is the starting point and "if it is clear that the offense as statutorily defined in the other state would have been a violation of the relevant [second state's] statute, no further inquiry is required."). There was no error by the trial court in admitting the Mississippi convictions and Lambert would not have been successful even had she filed a timely notice of appeal.

In summary, claims one, two, and three target the sufficiency of the evidence supporting her DWI-sixth offense conviction. These sufficiency challenges were not raised on direct appeal in state court. Lambert has not established cause for this failure in state court. Even if cause were shown Lambert fails to prove the second prong of the "cause and prejudice" test. Claims one, two, and three are procedurally barred.

Claims four and five are ineffective assistance of counsel assertions, claims which are properly raised in state court via Rule 37. As with claims one, two, and three, Lambert failed to fully litigate these claims in state court. She did raise the claims in her Rule 37 petition, which was denied by the trial court in July 2024. However, Lambert failed to perfect an appeal of this decision. Doc. Nos. 9-2 & 20-

4. As a result, these claims are barred from consideration absent a showing of cause and prejudice.

Lambert contends the trial court is at fault for her failure to appeal the Rule 37 denial. Doc. No. 46. Lambert concedes that the trial court's Order denying Rule 37 relief informed her that a notice of appeal was required within thirty days of the denial. But the trial court failed to inform her of the duty to lodge the record within the ninety-day period after the denial. According to Lambert, her efforts to appeal the Rule 37 Order were thwarted by the lack of information and a lack of cooperation by the Craighead County Circuit Clerk, who failed to provide her with original documents needed to support a motion for belated appeal. She also notes she was proceeding without the assistance of counsel, and points to her "little legal knowledge and limited access to legal material that caused her to proceed with the best of he[r] knowledge and understanding." *Id.* at 3.

First, Lambert cannot rely on the absence of counsel to establish cause. Rule 37 proceedings are post-conviction in nature, and not part of the direct appeal process. As such, the Sixth Amendment right to counsel does not apply. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Absent this right to counsel, it was Lambert's responsibility to raise her claims and litigate them fully in state court. Her assertions of lack of information and lack of cooperation from county officials fail

to relieve her of this responsibility. She has not demonstrated cause for her failure to present her claims in state court.

As with the her first three claims, even if there was cause for her failure in state court, Lambert falls short of showing any prejudice. Regardless of whether she pursued the argument on direct appeal or in a Rule 37 context, Lambert's arguments about the number of previous convictions are without merit and she suffered no actual prejudice from her failure to fully litigate the claims. The result would have been the same.

This lack of prejudice is decisive in two final arguments which, liberally construing the pleadings, might be made on Lambert's behalf. First, it could be argued that under *Martinez v. Ryan*, 566 U.S.1 (2012), Lambert should be excused for failing to fully raise her ineffective assistance of counsel claims in state court. *Martinez*, however, only applies to "substantial" claims. A "substantial" claim is one with "some merit," which means that Lambert's claims of ineffective assistance of trial counsel "must at least be debatable among jurists of reason." *Dorsey v. Vandergriff,* 30 F.4th 752 (8th Cir. 2022). There would be no debate among reasonable jurists whether Lambert's trial counsel performed effectively under *Strickland v. Washington*, 466 U.S. 668 (1984). Lambert does not establish either prong of the *Strickland* test – she does not show her attorney acted unreasonably,

14

nor does she show that but for counsel's errors the result of her trial would have been different.

Finally, the need for demonstrating cause and prejudice is obviated when a constitutional violation has probably resulted in the conviction of one who is actually innocent. The Supreme Court guides on the issue of actual innocence:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Lambert; she "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. Lambert submits no new, reliable evidence of her innocence, and falls far short of the requisite showing.[5] The actual innocence exception to cause and prejudice does not apply.

---

[5] Payne maintains that Lambert is claiming mere legal insufficiency, rather than actual innocence, and fails on that account. While legal insufficiency is not enough, it is not necessary to determine if Lambert's argument is of legal but not factual innocence. *See Silk v. United States*, 955 F.3d 681 (8th Cir. 2020) (Silk argued that two prior convictions did not qualify as predicate offenses and he was therefore actually innocent of being an habitual offender. Relying on the record, which showed Silk had two qualifying convictions, the Court found it need not resolve whether Silk's claim was for actual innocence or for merely legal insufficiency.) *Id.* at 683. As in the *Silk* case, the record demonstrates that Lambert had five previous convictions so she is unable to show either legal insufficiency or actual innocence.

*Conclusion*

Lambert did not fully litigate her five claims in state court, failing to file a timely direct appeal and failing to appeal her Rule 37 denial. She does not establish cause for these failures as described in *Wainwright v. Sykes, supra,* and its progeny. Even if cause were presumed Lambert falls short of showing prejudice, the second prong of the *Wainwright* analysis. She does not advance a substantial claim, opening the path toward a consideration of claims under *Martinez v. Ryan, supra.* And she does not meet the exacting standard in *Schlup v. Delo, supra*, to prove actual innocence.

For the foregoing reasons, the claims are procedurally barred and the case should be dismissed and the relief denied.

IT IS SO ORDERED this 8th day of December, 2025.

_____
UNITED STATES MAGISTRATE JUDGE