**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**DORLETHA LAMBERT,**                                                    **PETITIONER**
**ADC #719450**

**v.**                                   **Case No. 3:24-cv-00050-KGB**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                      **RESPONDENT**

## ORDER

Before the Court are the Findings and Recommendation ("Recommendation") of United States Magistrate Judge Patricia S. Harris (Dkt. No. 58). Petitioner Dorletha Lambert who seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 objected to the Recommendation (Dkt. No. 60). Respondent Dexter Payne replied (Dkt. No. 61). After careful review of the Recommendation, the objections, the reply, and the record *de novo*, the Court adopts the Recommendation as the Court's findings of fact and conclusions of law in all respects (Dkt. No. 58). The Court writes separately to address Lambert's objections to the Recommendation (Dkt. No. 60).

First, Lambert argues that the reason for her failure to appeal timely was because mail to her former counsel was held without forwarding (Dkt. No. 60, at 1). However, as the Recommendation explains, these delays in the mail, if true, do not excuse Lambert's failure to file a notice of appeal (Dkt. No. 58, at 9). Lambert's trial counsel, who properly withdrew after trial, was under no obligation to file a notice of appeal on Lambert's behalf. The fact that Lambert did not file a notice of appeal, even under her mistaken belief that her withdrawn trial counsel would, does not meet the "cause" standard of "cause and prejudice."

Second, the Court rejects Lambert's argument that the driving under the influence ("DUI") offense from Horn Lake, Mississippi, was not a conviction (Dkt. No. 60, at 2). This is in keeping with arguments addressed in the Recommendation (*see* Dkt. No. 58, at 3 n.2). The Court agrees with Payne's characterization of what the record shows regarding a DUI conviction (Dkt. No. 61, at 5). Moreover, even if Lambert was correct about the charge, which she is not, her claim is procedurally defaulted. Lambert does not object to the Recommendation's findings as to procedural default and cannot overcome it.

Third, Lambert argues that her failure to litigate fully her ineffectiveness claims via Rule 37 was because of a misunderstanding or lack of knowledge. However, absent a showing of cause and prejudice, Lambert's default cannot be excused. As the Recommendation explains, it was Lambert's responsibility to raise her claims and litigate them fully in state court, even if she was proceeding *pro se*.

For these reasons, adopting the Recommendation and overruling Lambert's objections, the Court dismisses with prejudice Lambert's petition and amended petition for writ of *habeas corpus* (Dkt. Nos. 2; 54). The Court denies a certificate of appealability because Lambert has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)

It is so ordered this 11th day of March, 2026.

Kristine G. Baker
Chief United States District Judge

2